IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON KOKINDA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-1457 |
| ) | |
| v. ) | United States District Judge |
| ) | Mark R. Hornak |
| PENNSYLVANIA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | United States Magistrate Judge |
| Defendants. ) | Cynthia Reed Eddy |
| ) | |

# MEMORANDUM ORDER

**Cynthia Reed Eddy, United States Magistrate Judge**

For the reasons that follow, the Court will grant Dr. Jin's motion for more definite statement. (ECF No. 49).

Plaintiff Jason Kokinda, a former inmate, initiated this *pro se* civil rights action relating to events that occurred while he was confined at SCI-Greene. On January 6, 2017, the Court granted his motion for leave to file a second amended complaint for purposes of substituting certain "health care defendants." *See* (ECF Nos. 30, 31, 32). Plaintiff filed the second amended complaint the following day. (ECF No. 33). In the second amended complaint, he names ten Defendants. Among those Defendants, he names "John Doe#1/CHCA (or Dr. Jin) (official capacity/personal capacity)" and lists the address and phone number for SCI-Greene for that Defendant. On February 1, 2017, multiple counsel entered "Notice[s] of Special Appearance on behalf of Dr. Dr. Byunghak Jin specifically for the purpose of filing a Motion" under Rules 12(e) and/or 12(f) of the Federal Rules of Civil Procedure. (ECF Nos. 47, 48). That same day, Dr. Jin filed the pending motion for more definite statement and/or motion to strike improperly named defendants pursuant to Rules 12(e) and 12(f). (ECF No. 49).

1

In this motion, Dr. Jin argues that the second amended complaint's compound designation of "John Doe #1/CHCA (or Dr. Jin)" is unclear as to who Plaintiff has actually sued. Dr. Jin argues that since his identity is known to Plaintiff, "John Doe #1" cannot be considered the same person as Dr. Jin. Further, Dr. Jin asserts that he was not at any time the Correctional Healthcare Administrator (CHCA) of SCI-Greene. According to Dr. Jin, the CHCA is an employee of SCI-Greene, however, Dr. Jin was employed by Defendant Correct Care Solutions, a contract medial provider at SCI-Greene. Therefore, Dr. Jin contends that since he is neither John Doe #1 nor the CHCA, Plaintiff should be required to amend his pleading to specifically set forth his allegations against Dr. Jin, to the extent that he is pursuing a claim against Dr. Jin.

Rule 12(e) states that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed.R.Civ.P. 12(e); *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) ("highlight[ing] the particular usefulness of the Rule 12(e) motion for more definite statement"). The Court agrees with Dr. Jin that the ambiguous and contradictory way in which the second amended complaint names the Defendant "John Doe #1/CHCA (or Dr. Jin)" prevents Dr. Jin from reasonably preparing an adequate response. Therefore, the Court will grant Dr. Jin's motion for more definite statement. Plaintiff shall file a third amended complaint within the time period set forth below. Once Plaintiff files the third amended complaint, the Court will dismiss the other pending motions to dismiss the second amended complaint filed by the other

Defendants (ECF Nos. 36, 42) as moot and without prejudice to be reasserted against the third amended complaint.

**AND NOW**, this 7th day of February, 2017, it is hereby **ORDERED** that Dr. Jin's motion for more definite statement under Rule 12(e) (ECF No. 49) is **GRANTED**. Plaintiff shall file a Third Amended Complaint on or before **February 21, 2017**. The Third Amended Complaint shall be a stand-alone document without reference to any other document in this case. If Plaintiff does not file a Third Amended Complaint within this time period, the Court will strike all references to Dr. Jin from the Second Amended Complaint. *See* Rule 12(e), *supra*.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered users of CM/ECF via electronic notification.