IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON KOKINDA, | Civil Action No. 17-cv-217 |
| Plaintiff, | |
| v. | United States District Judge<br>Mark R. Hornak |
| PENNSYLVANIA DOC, et al., | United States Magistrate Judge<br>Cynthia Reed Eddy |
| Defendants. | |

## MEMORANDUM ORDER

**Cynthia Reed Eddy, United States Magistrate Judge.**

Presently before the Court is the Motion for Recusal and Brief in Support thereof filed by *pro se* Plaintiff Jason Kokinda in which he requests the undersigned to disqualify herself because she "and [District Judge] Mark R. Hornak, are totally lawless; and are completely even ignoring his filings now and just fabricating the appearance of due process, by holding *ex parte* proceedings, where they railroad him and just do whatever they want in conspiracy with defendants." (ECF Nos. 64, 65).

At the outset, the Court notes that these documents are substantially similar to his motions for recusal in his most recently filed civil action in this Court. *See* 2:17-cv-217, ECF Nos. 15-16, 19-20, 23-24, 25-26. In that case, the undersigned has entered multiple Memorandum Orders denying his motions for recusal and reconsideration. *Id.*, ECF Nos. 18, 27. Because the explanation set forth in those Orders is applicable to the pending motion for recusal of the undersigned in this case, the undersigned will, in the interests of judicial economy, repeat the same analysis below.

Under 28 U.S.C. § 455, a judge is required to recuse herself "in any proceeding in which

1

[her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The test for recusal under § 455(a) is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either subsection (a) or (b)(1), "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994). *See Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Moreover, the Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir. 2000) (citing *In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999) and *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990); *see also Waris v. Heartland Home Healthcare Services, Inc.,* 365 F. App'x 402, 406–07 (3d Cir. 2010). Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." *Conklin v. Warrington Twp.*, 476 F.Supp.2d 458, 462–464 (M.D. Pa. 2007) (citing *In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995), *overruled on other grounds by Smith v. Berg,* 247 F.3d 532, 534 (3d Cir. 2001)).

In addition, under 28 U.S.C. § 144 a judge must recuse if a party files a "sufficient affidavit" establishing that the judge has a personal bias or prejudice against the party seeking recusal or in favor of the adverse party. Plaintiff failed to file an affidavit as required by section 144. Plaintiff's unsubstantiated scurrilous allegations utterly fail to meet the criteria as set forth in the statute. *See Watson v. Sec. Pennsylvania Dept. of Corrections*, 567 F. App'x 75, 80 (3d

Cir. 2014).

Here, Plaintiff's unsupported allegations have no merit. Accordingly, on this 17th day of April, 2017, it is hereby **ORDERED** that Plaintiff's Motion for Recusal (ECF No. 64) is **DENIED**.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered users of CM-ECF