IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

JASON KOKINDA,

    Plaintiff,

vs.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, DR. PILLAI,
(OFFICIAL/PERSONAL CAPACITY);
CHRISTOPHER H. OPPMAN, MBA, MHA
(OFFICIAL/PERSONAL CAPACITY);
PATRICIA STOVER,
(OFFICIAL/PERSONAL CAPACITY);
IRMA VIHLIDAL, (MEDICAL
DIRECTOR) (OFFICIAL/PERSONAL
CAPACITY); MARK DIALESANDRO,
DSCS (OFFICIAL/PERSONAL
CAPACITY); ROBERT GILMORE,
(SUPERINTENDENT)
(OFFICIAL/PERSONAL CAPACITY);
JOHN DOE #1, CHCA
(OFFICIAL/PERSONAL CAPACITY);
SHELLEY MANKEY, (UNIT MANAGER)
(OFFICIAL/PERSONAL CAPACITY);
AND CORRECT CARE SOLUTIONS,
(OFFICIAL/PERSONAL CAPACITY);

    Defendants.

2:16-CV-01457-MRH-CRE

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge.**

This matter is before the Court on *pro se* Plaintiff Jason Kokinda's objections (ECF No. 75) to the August 29, 2017, Report and Recommendation ("R&R") of Magistrate Judge Cynthia Reed Eddy, (ECF No. 73). The R&R recommends that the Court grant the above-captioned Defendants' Motions to Dismiss for Failure to State a Claim (ECF No. 53, 55, 57) and dismiss Plaintiff's complaint (ECF No. 51) with prejudice.

1

Plaintiff was electronically served with the R&R and was advised that objections to the R&R were due on or before September 12, 2017. He timely filed objections and a supporting brief within that time period. (ECF Nos. 75, 76).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.* Upon *de novo* review of the complaint, the motions to dismiss, the parties' briefs in connection with the motions to dismiss, the R&R, and the objections and supporting brief and exhibit, the Court concludes that the objections do not undermine the Magistrate Judge's recommended disposition, and concludes that such recommendation should be, and is, adopted on the basis that it is correct. Therefore, the Court will overrule Plaintiff's objections and adopt the R&R as the Opinion of the Court in the Order that follows[1].

Dated: September 12, 2017

Mark R. Hornak
United States District Judge

---

[1] The Court specifically concludes that further leave to amend, as sought in the objections, will be denied. First, as the record reflects, the Court's Opinion and Order of this date addresses the Plaintiff's Third Amended Complaint, which means that it was his *fourth* bite at the pleading apple. Our Court of Appeals has recognized that the district courts while appropriately considering the liberality of amendment standards applicable to Fed. R. Civ. P. 15 nonetheless are not obligated to permit any version of "wait and see" pleading, *Jang v. Boston Scientific Scimed, Inc.*, 729 F. 3d 357, 368 (3d Cir. 2013). That such is the process the Plaintiff is engaged in is evident from among other things his attachment to his brief in support of his objections of a declaration dated several years ago, the reality that his prior amendments have been in large measure duplicative, and as noted by the Magistrate Judge in her Report and Recommendation here, the reality that in spite of three prior efforts at amendment, the Plaintiff has consistently failed to add any sufficient level of heft to his pleadings that would allow them to avoid dismissal. Coupled with that is that fact that in his objections and supporting brief, the Plaintiff does not offer up any proposed new facts to be alleged in support of his claims, but instead asserts only that if given discovery, he would amend to add the name of a specific healthcare provider as a defendant. But, as the Magistrate Judge correctly noted, the core problem with the Plaintiff's allegations in such regards is not a failure to name the correct defendant, but a failure to allege a cognizable claim.

2